Judith Studer, WSB No. 5-2174
Patrick Holscher, WSB No. 5-2724
Rick L. Koehmstedt, WSB No. 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone – (307) 235-6681
Fax – (307) 234-5099
jstuder@schwartzbon.com
pat@schwartzbon.com
rick@schwartzbon.com
*Attorneys for Defendants*

**FILED**

3:50 pm, 9/13/21

**Margaret Botkins
Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SHANE AILPORT, JILL AILPORT, and AILPORT HOLDINGS, LLC<br><br>    Plaintiffs,<br><br>  vs.<br><br>DUSTIN AILPORT, LEXI AILPORT, WATER WAY SOLUTIONS, LLC, JAMES PADDISON, ARIC HOLLOWAY, JR., DUSTIN NEAL, LEVI BUTCHER, JORDAN GREGERSEN, GREAT WESTERN PETROLEUM, LLC, GARY SHINABARKER and JOHN and JANE DOE'S 1-10<br><br>    Defendants. | 21-CV-00170-S |

## NOTICE OF REMOVAL

**COMES NOW** Defendants, Dustin Ailport, Lexi Ailport, Water Way Solutions, LLC,

James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregersen, by and through

their undersigned counsel and hereby give Notice of Removal pursuant to 28 U.S.C. §1331 and

§1446(a) for the purpose for removing the above entitled action from the Seventh Judicial District Court, for the County of Natrona, State of Wyoming, to the United States District Court for the District of Wyoming. The grounds for the removal are that the Complaint in the underlying state action assert a claim for civil RICO under 18 U.S.C. §1962(c). In support of the Motion the parties state as follows:

1.      A copy of the Complaint served upon these Defendants is attached Exhibit A.

2.      Dustin Ailport, Water Way Solutions, and Lexi Ailport were served on August 24, 2021. James Paddison was served August 20, 2021.  Aric Holloway, Jr. was served on August 20, 2021.  Levi Butcher was served August 20, 2021.  Dustin Neal was served August 19, 2021.  And Jordan Gregersen was served August 18, 2021.

3.      This Notice is timely filed pursuant to 28 U.S.C. §1446(a). The Notice has been filed within thirty days after receipt by the Defendants of service of process.

4.      The undersigned has contacted counsel for the remaining Defendants, Great Western, LLC, and Gary Shinabarker. The Defendants do not object. John and Jane Doe's 1-10 have not been identified and therefore no contact could be made.

5.      Plaintiff alleges damages in excess of the jurisdictional minimum of the District Court of the State of Wyoming. In addition, Plaintiff seeks RICO treble damages exceeding the jurisdictional minimum of District Court and as allowed by Federal Law.

6.      A copy of the stipulation granted by Plaintiffs' counsel to respond to the Complaint is attached as Exhibit B.  To the best knowledge of the undersigned, in pursuant to 28 U.S.C. §1446, the exhibits attached to this Notice represent copies of all process, pleadings, and orders served upon the Defendants and on file with the District Court, Seventh Judicial District, for the County of Natrona, State of Wyoming.

7.      As the date of this filing, no hearings or a trial dated have been set in the State District Court action.

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §1441(a) which authorizes the removal to the United States District Court for the districting compassing the place where the remove state action is pending.

9.      Defendants will serve in certified service of copies of this Notice of Removal to all other parties as required by 28 U.S.C. §1446(d). Additionally, a copy of this Notice of Removal will be filed with the Clerk of District Court, Seventh Judicial District, Natrona County, State of Wyoming as required by 28 U.S.C. §1446(d).

**WHEREFORE** the above identified Defendants hereby remove the case pending against them in the District Court, Seventh Judicial District, County of Natrona, State of Wyoming entitled Shane Ailport, Jill Ailport, and Ailport Holdings, LLC, Plaintiffs vs. Dustin Ailport, et al, Civil Action No. 110153, to the United States District Court for the District of Wyoming.

**DATED**: This 13th Day of September 2021

Judith Studer, WSB No. 5-2174
Patrick Holscher, WSB No. 5-2724
Rick L. Koehmstedt, WSB No. 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone – (307) 235-6681
Fax – (307) 234-5099
jstuder@schwartzbon.com
pat@schwartzbon.com
rick@schwartzbon.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of September 2021, the undersigned served the within and foregoing *Notice of Removal* upon counsel by email and depositing a true and correct copy thereof in the United States mail, postage prepaid and properly addressed to:

Lucas Buckley
Sean Larson
Hathaway & Kunz, LLP
PO Box 1208
Cheyenne WY 82003-1208
lbuckley@hkwyolaw.com
slarson@hkwyolaw.com


Judith A.W. Studer
SCHWARTZ, BON, WALKER & STUDER, LLC

Lucas Buckley, Wyo. Bar #6-3997
Sean Larson, Wyo. Bar #7-5112
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
307-634-7723
307-634-0985 (Fax)
lbuckley@hkwyolaw.com
slarson@hkwyolaw.com

COUNSEL FOR PLAINTIFFS SHANE AILPORT, JILL AILPORT,
AND AILPORT HOLDINGS, LLC

| | | |
|---|---|---|
| STATE OF WYOMING | ) | IN THE DISTRICT COURT |
| | ) SS: | |
| COUNTY OF NATRONA | ) | SEVENTH JUDICIAL DISTRICT |

SHANE AILPORT, JILL AILPORT,　　　　)
and AILPORT HOLDINGS, LLC　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Docket No. ___1 1 0 1 5 3___
DUSTIN AILPORT, LEXIE AILPORT,　　　)
WATER WAY SOLUTIONS, LLC, JAMES　　)
PADDISON, ARIC HOLLOWAY, JR.,　　　　)
DUSTIN NEAL, LEVI BUTCHER, JORDAN　)
GREGERSON, GREAT WESTERN　　　　　)
PETROLEUM, LLC, GARY SHINABARKER　)
and JOHN AND JANE DOES 1-10　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)

**FILED**

JUL 26 2021

Jill Kiester Clerk of District Court

By: _____
　　　　　　　　　　Deputy

## COMPLAINT

　　**COMES NOW** Plaintiffs Shane Ailport, Jill Ailport, and Ailport Holdings, LLC, by and

through their attorneys, HATHAWAY & KUNZ, LLP, and for their Complaint, state and allege as

follows:


EXHIBIT A

At some time on or before August of 2017, Dustin Ailport decided to stop working with his parents Shane and Jill Ailport and started working against them, attempting to damage them both personally and in business. Dustin Ailport has set out to cause his parents substantial personal and business anguish, having agents and co-conspirators including his wife Lexie Ailport carry out his bidding. While an officer for the company that Shane and Jill built, Dustin started competing directly with the company, using inside information to his advantage.

This action is brought to right a portion of the business wrongs Dustin Ailport and Lexie Ailport have committed against Dustin's parents and provide Shane and Jill with the proper and just remedies under Wyoming law.

## JURISDICTION & VENUE

1. Plaintiffs Shane Ailport and Jill Ailport are individuals residing in Casper, Wyoming.

2. Plaintiff Ailport Holdings, LLC ("Ailport Holdings") is a Wyoming limited liability company with its principal office located in Casper, Wyoming.

3. Defendants Dustin Ailport and Lexie Ailport are individuals residing in Glenrock, Wyoming.

4. Defendant Water Way Solutions, LLC ("Water Way Solutions") is a Wyoming limited liability company with its principal office located in Glenrock, Wyoming.

5. Defendant James Paddison is an individual residing in Casper, Wyoming.

6. Defendant Aric Holloway, Jr. is an individual residing in Timnoth, Colorado.

7. Defendant Dustin Neal is an individual residing in Windsor, Colorado.

8. Defendant Levi Butcher is an individual residing in Casper, Wyoming.

9. Defendant Jordan Gregerson is an individual residing in Surprise, Arizona.

10.     Great Western Petroleum, LLC is a Delaware limited liability company with its principal office located in Denver, Colorado.

11.     Gary Shinabarker is an individual residing in Lone Tree, Colorado.

12.     Upon information and belief, at all relevant times hereto Defendants John Does and Jane Does 1-10 are unknown individuals or entities with their residences and principal places of business in unknown locations. As Plaintiffs currently do not know the identity of a number of defendants and could not discover each defendant's true name at this date, Plaintiffs will continue to investigate and amend the Complaint as necessary to identify the unknown defendants as permitted under Wyoming Rule of Civil Procedure 17(d).

13.     The amount claimed by Plaintiffs far exceeds the jurisdictional requirement of District Court.

14.     Jurisdiction and venue are proper in the Seventh Judicial District Court for Natrona County as a number of the Defendants reside in Natrona County.

**BACKGROUND**

15.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 14 hereof inclusive, as if set forth herein in full.

16.     In 2008, Plaintiffs Shane and Jill Ailport founded Arctic Oilfield Services, LLC, a company in the oil and gas service industry working in Wyoming, Colorado, and North Dakota. Shane and Jill built a substantial customer base and were very successful. Defendant Dustin Ailport worked for the company in various capacities, having started with the company immediately after high school. Dustin's only working experience after high school was obtained by working for Arctic Oilfield Services, LLC. Shane and Jill provided Dustin and Lexie with all of their experience and training in the oil and gas industry. Lexie learned everything she knew about

bookkeeping from Jill. Dustin learned everything he knew about the business from Shane, including customer service, equipment rental, and designs for fabrication. Without Shane and Jill, Dustin and Lexie would know very little about the oil and gas industry.

17.    In 2014, a buyer approached Shane and Jill about selling their company. Shane and Jill negotiated with the buyer, Prospect Capital ("Prospect Capital") Corporation, eventually agreeing to sell 35% each (70% total) of Arctic Oilfield Services to Prospect Capital. Shane and Jill retained a 30% interest in the company, which is held by Plaintiff Ailport Holdings. Shane and Jill each own 50% of Ailport Holdings.

18.    The 30% retained interest (owned by Ailport Holdings) was held in the new entity Arctic Energy Services, LLC — the surviving entity from the merger with the original company, Arctic Oilfield Services. Shane and Jill were also retained as officers in the company: Shane as Chief Executive Officer and Jill as Chief Financial Officer of Arctic Energy Services.

19.    Dustin was named Chief Operating Officer in Arctic Energy Services.

20.    Business progressed well until August 23, 2017, when Prospect Capital began to take steps against Shane's and Jill's best interests. Prospect Capital took steps such as hiring a replacement to take over Jill's position. Prior to August 23, 2017, Dustin had taken steps to create Water Way Solutions, LLC, a Wyoming limited liability company, which was established to compete with Arctic Energy Services.

21.    On November 13, 2017, Dustin resigned from his position as Chief Operating Officer for Arctic Energy Services. Dustin provided no notice to Shane and Jill prior to resigning. Dustin never indicated to Shane and Jill that he planned on resigning.

22.    Shane and Jill resigned as officers of the company on November 15, 2017, due to the hostile work environment created by Prospect Capital, in part by sending security personnel to

each facility in the Rocky Mountain region. These hostile actions occurred as a result of Dustin Ailport's direct competition with Arctic Energy Services.

23.     Business went on for the company. Although they resigned from their positions as officers, Shane and Jill continued to own 30% of Arctic Energy Services through Ailport Holdings.

24.     Before and after leaving the company, Shane and Jill never took any action to compete, to solicit customers, or to use any confidential information of Arctic Energy Services. They did not plan on doing so as they knew they were under the Restrictive Covenant Agreement with Arctic Energy Services for three (3) years after their resignation.

25.     Shane and Jill had no knowledge of Dustin's plans during his time with the company. While still with the company, Dustin planned to directly compete with Arctic Energy Services, and he took steps to forward that plan. As mentioned prior, on August 23, 2017, Dustin created Water Way Solutions, LLC, a Wyoming limited liability company established to compete with Arctic Energy Services.

26.     After leaving Arctic Energy Services, Dustin used Water Way Solutions to directly compete with Arctic Energy Services. Dustin hired five of Arctic Energy Services' key employees. Dustin's wife Lexie or another agent or co-conspirator were apparently involved in stealing paper and electronic files out of the company's office with the intention of using the Arctic Energy Services company documents to gain a competitive advantage against it.

27.     Dustin and Water Way Solutions had previously started soliciting work from one of Arctic Energy Service's biggest customers in Colorado: Great Western Petroleum. Dustin communicated with individuals at Great Western Petroleum, including specifically Gary Shinabarker, to further his scheme. Prospect Capital and Arctic Energy Services caught wind of Dustin's activities and sued him and Water Way Solutions, along with Shane and Jill, dragging

them into a New York court. The claims against Shane and Jill were brought as a claimed breach of the Restrictive Covenant Agreement for aiding and abetting Dustin.

28.     The lawsuit was filed in New York as it was the venue under the Restrictive Covenant Agreement. Dustin and Water Way Solutions were dismissed without prejudice early in the case as there was a lack of personal jurisdiction due to the lack of contacts with the State of New York.

29.     Before any of his actions, Dustin was aware of the Restrictive Covenant Agreement that Shane and Jill were under with Arctic Energy Services. Dustin was also aware of the other contracts that controlled his parents' business relationships with Arctic Energy Services, including the Operating Agreement in place at the time. He knew Shane and Jill would be sued if he directly competed with Arctic Energy Services. Dustin knew that competing would likely trigger aggressive and immediate responses from Arctic Energy Services.

30.     Shane and Jill remained in the lawsuit to fight the claims against them for "aiding and abetting" Dustin in his competition in violation of the Restrictive Covenant Agreement. The only thread tying Shane and Jill into the New York lawsuit was Dustin's direct competition; not any act of Shane or Jill.

31.     It was likely preliminary injunction would be granted barring Shane and Jill from competing, so Shane and Jill both agreed to be subject to a preliminary injunction against competing or aiding and abetting Dustin, which was not an issue as they were not doing so.

32.     Shane and Jill continued to defend themselves in New York due to Dustin's competitive actions. But Dustin continued to worsen the facts for the case in New York. Arctic Energy Services' counsel caught wind of more improper actions taken by Dustin and continued to present evidence on those actions in the New York case, making the case more difficult to defend

for Shane and Jill. Each time Dustin took further adverse action, it enflamed the claims against them in the New York lawsuit. As the only defendants in the New York case, Shane and Jill became the targets for Dustin's behavior.

33.     Shane and Jill were not aware of these competitive actions taken by Dustin, Lexie, or other agents and co-conspirators because they either lied to Shane and Jill or did not disclose what they were doing. Each action of Dustin in direct competition with Arctic Energy Services put Shane and Jill at additional and substantial risk of liability exposure and significant legal costs relating to defending an action in New York.

34.     During the New York lawsuit, Arctic Energy Services also had ongoing lawsuits in U.S. District Courts in Colorado and Wyoming against Dustin, his entity, and other individuals or entities. Eventually Arctic Energy Services reached a settlement agreement with Shane and Jill, as well as with Dustin. The settlements occurred in September of 2018. In the settlement agreement with Shane and Jill, Arctic Energy Services released Shane and Jill, and Shane and Jill released Arctic Energy Services concerning disputes over rental property. In its settlement agreement with Dustin, Arctic Energy Services released Dustin and Water Way Solutions for its claims in the Colorado lawsuit.

35.     Based on considerations of legal costs moving forward, risk of loss at trial, amount other considerations, Shane and Jill entered into the settlement as a reasonable and prudent businessperson would have given the circumstances. One term of the settlement between Shane and Jill and Arctic Energy Services was that Shane and Jill were forced to forfeit their 30% interest in the company in exchange for dismissal of the lawsuit and all potential claims against them. Plaintiffs were forced to forfeit their considerably valuable 30% interest in Arctic Energy Services for no value due solely to Dustin's actions.

36.     Defendants, their agents, co-conspirators listed herein, and the like have taken other improper actions to damage Plaintiffs which Plaintiffs continue to investigate. James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker are co-conspirators with Defendants Dustin Ailport, Lexie Ailport, and Water Way Solutions in their alleged actions and omissions concerning this action.

37.     The co-conspirators took a number of actions together and in concert to further the unlawful actions of Dustin Ailport, Lexie Ailport, and Water Way Solutions, including specifically stealing company documents, information, customer lists, and other confidential and proprietary information from Arctic Energy Services.

38.     Jane and John Does 1-10 are individuals or entities who have acted as agents for or as co-conspirators with Defendants Dustin Ailport, Lexie Ailport, and Water Way Solutions in their alleged actions and omissions concerning this action.

39.     Plaintiffs have been damaged in an amount to be proven at trial which far exceeds the jurisdictional minimum of District Court. The amount of damages caused by Defendants includes the amount of attorneys' fees and costs spent in defending against the lawsuit in New York.

## COUNT I – TORTIOUS INTERFERENCE

40.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 39 hereof inclusive, as if set forth herein in full.

41.     Plaintiffs had a valid and existing contractual relationship with Prospect Capital and Arctic Energy Services during the time of Defendants' intentional and improper actions tortiously interfering with the contractual relationships.

42.     Defendants had knowledge of the relationships between Plaintiffs and Prospect Capital and Arctic Energy Services. Defendants specifically had knowledge of the existing contracts between the parties including the Restrictive Covenant Agreement and current Operating Agreement for Arctic Energy Services.

43.     Defendants intentionally and improperly interfered with these contractual relationships, inducing or causing termination of the agreements and relationships.

44.     As a result of Defendants' intentional and improper interference with these then-existing contracts and business relationships, Plaintiffs have been damaged by the termination of these contracts and business relationships. The amount of damage caused far exceeds the jurisdictional minimum of District Court.

### COUNT II – FRAUDULENT MISREPRESENTATION

45.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 44 hereof inclusive, as if set forth herein in full.

46.     During August of 2017 through his resignation in November of 2017, Defendant Dustin Ailport represented to Plaintiffs that he was not going to compete directly with Arctic Energy Services. During this same time period, Dustin Ailport stated to Plaintiffs that Water Way Solutions would be created to broker a water deal in North Dakota. Dustin stated this specifically to Plaintiffs on July 12, 2017. Dustin represented these facts to be true. Lexie Ailport participated in coordination with Dustin. Around that same time, Lexie Ailport represented that she needed to start working from home.

47.     After his resignation in November of 2017, Dustin continued to represent to Plaintiffs that he was not directly competing with Arctic Energy Services.

48.     The above representations were false. Dustin had taken action to directly compete with Arctic Energy Services prior to resigning, continued to directly compete with Arctic Energy Services, and Dustin established Water Way Solutions to further his interest in competing; not to broker a water deal in North Dakota.

49.     Dustin knew the above representations were false when he made the statements.

50.     Dustin intended Plaintiffs to rely on these representations. If Plaintiffs relied on these statements, they could not go to Arctic Energy Services and sound the alarm to prevent his action and to maintain their contractual and business relationships with Prospect Capital and Arctic Energy Services.

51.     Plaintiffs reasonably believed Dustin's representation to be true. Plaintiffs believed Dustin was telling them the truth.

52.     Plaintiffs suffered damages by relying on these false representations in an amount that far exceeds the jurisdictional amount of District Court. Had Plaintiffs not relied on these false representations, they could have attempted to salvage their contractual and business relationships with Prospect Capital and Arctic Energy Services by proactively assisting in stifling Dustin's direct competition sooner.

## COUNT III – BREACH OF FIDUCIARY DUTIES AS OFFICER OF ARCTIC ENERGY SERVICES

53.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 52 hereof inclusive, as if set forth herein in full.

54.     Dustin was Chief Operating Officer of Arctic Energy Services for the time period at issue in this matter.

55.     During his time as COO of Arctic Energy Services, Dustin owed the company and its members a duty of loyalty and duty of care.

56.     Ailport Holdings was a member of Arctic Energy Services during the time period at issue in this matter.

57.     During his time as COO of Arctic Energy Services, Dustin took actions in breach of his duty of loyalty and duty of care.

58.     Specifically, during the time period of August of 2017 — and perhaps earlier — through his resignation in November of 2017, Dustin took actions against the interests of the company and its members, including by directly competing with Arctic Energy Services.

59.     The breach of his duties as an officer of the company has caused Ailport Holdings, a member of the company, damages far exceeding the jurisdictional minimum of District Court.

## COUNT IV – IMPLIED EQUITABLE INDEMNITY

60.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 59 hereof inclusive, as if set forth herein in full.

61.     Plaintiffs had an independent legal relationship with Dustin. The parties were in business together, working together as officers of Arctic Energy Services, and subsequently putting on a defense in concert with each other in the New York action.

62.     Dustin breached his duty created by this independent legal relationship, by lying to Plaintiffs about actions he was taking in direct competition with Arctic Energy Services.

63.     Dustin's breach was under circumstances where Plaintiffs were induced to act by Dustin's misrepresentations as discussed in this Complaint, and Plaintiff justifiably relied.

64.     Dustin's actions in breach of his duty to Plaintiffs contributed to cause the injuries and damage suffered by Plaintiffs, in an amount of damage far exceeding the jurisdictional minimum of District Court.

### COUNT V – PROMISSORY ESTOPPEL

65.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 64 hereof inclusive, as if set forth herein in full.

66.     Dustin promised to Plaintiffs that he was not competing and would not compete with Arctic Energy Services, which promise he should reasonably have expected would induce Plaintiffs not to disclose to Arctic Energy Services that Dustin was going to compete.

67.     Plaintiffs acted to their detriment by reasonably relying on Dustin's promise. Had Dustin not made that promise, they could have informed Arctic Energy Services concerning his actions and maintained their ongoing business and contractual relationship with the company.

68.     Injustice can be avoided only if the Court enforces Dustin's promise and awards Plaintiff damages for breach of that promise, in an amount far exceeding the jurisdictional minimum of this Court.

### COUNT VI – IMPLIED-IN-FACT CONTRACT

69.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 68 hereof inclusive, as if set forth herein in full.

70.     Dustin created an implied-in-fact contract with Plaintiffs as Plaintiffs defended themselves against the New York lawsuit.

71.     By the conduct of the parties, Dustin and Plaintiffs acted in concert in defending the New York lawsuit. Dustin promised Plaintiffs through his conduct that he was not competing and would not be competing.

72.     Dustin damaged Plaintiffs by breaching the implied-in-fact contract, causing Plaintiffs damages in an amount far exceeding the jurisdictional minimum of this Court.

## COUNT VII – CIVIL CONSPIRACY

73.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 72 hereof inclusive, as if set forth herein in full.

74.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker conspired to compete directly with Arctic Energy Services, tortiously interfering with Plaintiffs' valid and existing contractual relationship with Prospect Capital and Arctic Energy Services as stated in Count I.

75.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker conspired to fraudulently misrepresent facts to Plaintiffs as stated in Count II.

76.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker conspired concerning Dustin's breach of his fiduciary duties to Plaintiffs as stated in Count III.

77.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker had a "meeting of the minds" concerning tortiously interfering with Plaintiffs' valid and existing contractual relationship with Prospect Capital and Arctic Energy Services and the course of action to be taken in doing so.

78.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker had a "meeting of the minds" concerning fraudulently misrepresenting facts to Plaintiffs and the course of action to be taken in doing so.

79.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker had a "meeting of the minds" concerning Dustin's breach of his fiduciary duties to Plaintiffs and the course of action to be taken in doing so.

80.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker acted unlawfully in tortiously interfering with Plaintiffs' valid and existing contractual relationship with Prospect Capital and Arctic Energy Services.

81.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker acted unlawfully in fraudulently misrepresenting facts to Plaintiffs.

82.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker acted unlawfully concerning Dustin's breach of his fiduciary duties to Plaintiffs.

83.     With regard to the conspiracy alleged in Paragraphs 80–82, the Defendants acted unlawfully in the following ways of which Plaintiffs are aware of at this time based on the information available to them. First, James Paddison stole Arctic Energy Services' confidential and proprietary Master Service Agreements ("MSA") at the specific direction of Dustin Ailport during the time period at issue in this matter. Second, Lexie Ailport stole confidential and proprietary company documents on or about November 13, 2017 at the direction of Dustin Ailport. Third, a number of the Defendants worked together to download proprietary and confidential company documents from company computers during the timeframe of August of 2017 through November of 2017. Forth, upon information and belief, Dustin Ailport conspired with Gary

Shinabarker (and Great Western Petroleum through him) to steal all of Great Western Petroleum's business from Arctic Energy Services. Upon information and belief, all of the listed Defendants (Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker) conspired to and took unlawful acts in furtherance of the conspiracy whether listed herein or uncovered during discovery in this matter.

84.     Dustin Ailport, Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker damaged Plaintiffs by conspiring to and accomplishing the goal of tortiously interfering with Plaintiffs, fraudulently misrepresenting to Plaintiffs, and concerning Dustin's breach of his fiduciary duties to Plaintiffs.

## COUNT VIII – FALSE LIGHT

85.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 84 hereof inclusive, as if set forth herein in full.

86.     By intentionally and knowingly directly competing with Arctic Energy Services in the face of the Restrictive Covenant Agreement, causing the New York lawsuit to be filed against them, and taking other actions directly against their interests, Dustin Ailport placed Plaintiffs Shane and Jill Ailport before the public in a false light.

87.     The false light in which Dustin Ailport placed Plaintiffs Shane and Jill Ailport would be and was highly offensive to a reasonable person. Such representations as to the acts of competition are major representations of Shane and Jill Ailport's character, history, activities, or beliefs that serious offense may be reasonably expected to be taken by a reasonable person in their situation.

88.     Dustin Ailport had knowledge of or acted in reckless disregard as to the falsity of Plaintiffs Shane and Jill Ailport's competition with Arctic Energy Services and as to the false light under which Plaintiffs would be placed.

89.     Dustin Ailport's conduct was a tortious invasion of Plaintiffs Shane and Jill Ailport's privacy.

90.     As a direct and proximate result of Dustin Ailport's tortious invasion of privacy, Plaintiffs Shane and Jill Ailport have been damaged.

## COUNT IX – CIVIL RICO – 18 U.S.C. 1962(C)

91.     Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs 1 through 90 hereof inclusive, as if set forth herein in full.

92.     Dustin Ailport is a "person" within the meaning of 18 U.S.C. § 1961(3) who is liable for the civil RICO claim.

93.     Defendants Lexie Ailport, Water Way Solutions, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, and Gary Shinabarker were Dustin Ailport's "enterprise" within the meaning of 18 U.S.C. § 1961(4).

94.     Dustin Ailport was employed by or associated with the other Defendants (the "enterprise") in furtherance of his scheme. He conducted and participated in, directly or indirectly, the conduct of the other Defendants affairs through a pattern of racketeering activity.

95.     Dustin Ailport orchestrated, coordinated, planned, directed, and implemented the enterprise's plan to tortiously interfere with Plaintiffs' contractual relationship, to fraudulently misrepresent facts to Plaintiffs, and to further Dustin's breach of his fiduciary duties to Plaintiffs. Dustin played a substantial role in directing the affairs of the enterprise.

96.    The racketing activity conducted by Dustin Ailport through the enterprise was wire fraud under 18 U.S.C. § 1344.

97.    Dustin Ailport through the enterprise created a scheme or artifice to defraud and obtain property by means of false or fraudulent pretenses, representations, or promises. Dustin Ailport and the enterprise's scheme or artifice to defraud and obtain property was his plan to start his own company, steal profits of Arctic Energy Services, damage Plaintiffs' business relationship with Artic Energy Services, and do so by enlisting key employees of Arctic Energy Services and individual(s) at Great Western Petroleum to assist him in stealing Great Western Petroleum's business. Dustin Ailport and the enterprise did this by means of false or fraudulent pretenses, representations, or promises to Plaintiffs and other individuals at Arctic Energy Services. Plaintiffs and other individuals at Arctic Energy Services relied on Dustin Ailport's and the enterprise's false or fraudulent pretenses, representations, or promises.

98.    Dustin Ailport intended to defraud Plaintiffs and Arctic Energy Services.

99.    Dustin Ailport used interstate wire, i.e. email, text messaging, telephone, and other means, to execute the scheme.

100.    This was a pattern of racketeering activity as multiple acts of wire fraud occurred within a ten-year period. Dustin Ailport through the enterprise committed the following acts constituting wire fraud: (i) James Paddison stealing Arctic Energy Services' confidential and proprietary Master Service Agreements ("MSA") at the specific direction of Dustin Ailport during the time period at issue in this matter and when Dustin Ailport was no longer with Arctic; (ii) Lexie Ailport stealing confidential and proprietary company documents on or about November 13, 2017 at the direction of Dustin Ailport; (iii) a number of the Defendants working together to download proprietary and confidential company documents from company computers during the

timeframe of August of 2017 through November of 2017 at the specific direction of Dustin Ailport; and (iv) upon information and belief, conspiring with Gary Shinabarker (and Great Western Petroleum through him) to steal all of Great Western Petroleum's business from Arctic Energy Services.

101.    As a direct and proximate result of Dustin Ailport's pattern of racketeering activity, Plaintiffs have been damaged, suffering substantial financial loss.

102.    Plaintiffs are entitled to an award of treble and compensatory damages, as well as the costs of suit including attorneys' fees and costs.

WHEREFORE, Plaintiffs pray as follows:

1.    For judgment in favor of Plaintiffs for Tortious Interference against Defendants in an amount exceeding the jurisdictional minimum of District Court;

2.    For judgment in favor of Plaintiffs for Fraudulent Misrepresentation against Defendant Dustin Ailport in an amount exceeding the jurisdictional minimum of District Court;

3.    For judgment in favor of Plaintiff Ailport Holdings for Breach of Fiduciary Duties as an Officer against Defendant Dustin Ailport in an amount exceeding the jurisdictional minimum of District Court;

4.    For judgment in favor of Plaintiffs for Implied Equitable Indemnity against Defendant Dustin Ailport in an amount exceeding the jurisdictional minimum of District Court;

5.    For judgment in favor of Plaintiffs for Promissory Estoppel against Defendant Dustin Ailport in an amount exceeding the jurisdictional minimum of District Court;

6.    For judgment in favor of Plaintiffs for Implied-in-Fact Contract against Defendant Dustin Ailport in an amount exceeding the jurisdictional minimum of District Court;

7.     For judgment in favor of Plaintiffs under any of the above listed counts against Lexie Ailport, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, Jordan Gregerson, Great Western Petroleum, Gary Shinabarker and/or John and Jane Does as warranted by the facts and law;

8.     For judgment in favor of Plaintiffs Shane and Jill Ailport for False Light against Defendant Dustin Ailport in an amount exceeding the jurisdictional minimum of District Court;

9.     For judgment in favor of Plaintiffs for Civil RICO against Defendant Dustin Ailport in an amount exceeding the jurisdictional minimum of District Court, as well as compensatory and treble damages as allowed by law;

10.    For pre-judgment interest on the amount at the statutory interest rate;

11.    For all court costs, attorneys' fees and other expenses as allowed by the law;

12.    For punitive damages against Defendants as allowed by the law; and

13.    For such other and further relief as the Court deems necessary or appropriate.


DATED this 22nd day of July, 2021.

PLAINTIFFS SHANE AILPORT, JILL AILPORT,
AND AILPORT HOLDINGS, LLC

By: _____
Lucas Buckley, Wyo. Bar #6-3997
Sean M. Larson, Wyo. Bar #7-5112
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003
Phone: (307) 634-7723
Fax: (307) 634-0985

COUNSEL FOR PLAINTIFFS SHANE AILPORT,
JILL AILPORT, AND AILPORT HOLDINGS, LLC

STATE OF WYOMING )
         ) ss.
COUNTY OF NATRONA )

IN THE DISTRICT COURT

SEVENTH JUDICIAL DISTRICT

| | |
|---|---|
| SHANE AILPORT, JILL AILPORT, and AILPORT HOLDINGS, LLC ) ) )<br><br>Plaintiffs, ) )<br><br>vs. ) )<br><br>DUSTIN AILPORT, LEXI AILPORT, WATER WAY SOLUTIONS, LLC, JAMES PADDISON, ARIC HOLLOWAY, JR., DUSTIN NEAL, LEVI BUTCHER, JORDAN GREGERSON, GREAT WESTERN PETROLEUM, LLC, GARY SHINABARKER and JOHN AND JANE DOES 1-10 ) ) ) ) ) ) ) )<br><br>Defendants. ) ) | Docket No. 110153<br><br>FILED<br>SEP 03 2021<br>Jill Kiester Clerk of District Court<br>By: Kim LaFave<br>Deputy |

## STIPULATED EXTENSION OF TIME IN WHICH TO ANSWER

Shane Ailport, Jill Ailport and Ailport Holdings, LLC, through their counsel, and Dustin Ailport, Lexi Ailport, Water Way Solutions, LLC, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, and Jordan Gregerson, through their attorneys, hereby stipulate that Dustin Ailport, Lexi Ailport, Water Way Solutions, LLC, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, and Jordan Gregerson shall have up to and including September 20, 2021 in which to respond to the Plaintiff's complaint against them.

Dated this 3d day of September, 2021.

Exhibit B

/s/
Lucas Buckley WSB 6-3997
Sean Larson WSB 7-5112
Hathaway & Kunz, LLP
PO Box 1208
Cheyenne WY 82003-1208
lbuckley@hkwyolaw.com
slarson@hkwyolaw.com
*Attorneys for Plaintiffs*


/s/
Judith Studer, WSB No. 5-2174
Patrick Holscher, WSB No. 5-2724
Rick L. Koehmstedt, WSB No. 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY 82601
Telephone – (307) 235-6681
Fax – (307) 234-5099
jstuder@schwartzbon.com
pat@schwartzbon.com
rick@schwartzbon.com
*Attorneys for Defendants Dustin Ailport, Lexi Ailport, Water Way Solutions, LLC, James Paddison, Aric Holloway, Jr., Dustin Neal, Levi Butcher, and Jordan Gregerson*